IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONTINENTAL AUTOMOTIVE ) <br> SYSTEMS, INC. (successor to ) <br> Continental Teves, Inc.); ) <br> CONTITECH NORTH AMERICA, ) <br> INC.; and CONTINENTAL TIRE THE ) <br> AMERICAS, LLC (successor to ) <br> Continental Tire North America, ) <br> Inc.), ) <br> ) <br>     Defendants. ) | Case No. 3:19-cv-0396 <br><br> Judge Aleta A. Trauger <br><br> JURY DEMAND |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND</u>

### INTRODUCTION

Plaintiff moves the Court to remand this litigation to the Circuit Court for Rutherford County, Tennessee pursuant to 28 U.S.C. § 1447. Remand is required because the defendants clearly and unequivocally waived any right of removal when the parties agreed to and signed a contract with a mandatory forum-selection clause. That clause, and the law governing removal and remand, are discussed in detail below.

### FACTS AND LITIGATION HISTORY

This litigation is an action to enforce a contractual indemnification and hold harmless clause. That indemnification provision is contained in a contract executed by two large and sophisticated companies, an automobile manufacturer and an international supplier of automobile components.

{00130574.DOCX / ver:4 }

Plaintiff Nissan North America, Inc. ("Nissan") manufactures and sells automobiles. Defendants Continental Automotive Systems, Inc., Contitech North America, Inc., and Continental Tire the Americas, LLC (hereinafter collectively "Continental") manufacture and sell various automobile components, including braking systems.

Continental is an international corporate conglomerate based in Hanover, Germany. It employs more than 240,000 people in 60 countries spanning six continents.[1] Continental brands itself as a global leader in innovative automotive technology, pioneering advanced electronic braking systems, and developing products for the future of automated driving.[2] In the first quarter of 2019, Continental reported sales of over €11 billion (more than $12.4 billion).[3]

Nissan and Continental negotiated and signed a 47-page contract known as a Master Purchase Agreement ("Agreement").[4] Pursuant to Article 12 of the Agreement, Continental agreed to indemnify Nissan for claims alleging defects in the design or performance of components supplied by Continental. Through this litigation, Nissan alleges that Continental breached its contractual indemnification obligation as stated in the Agreement.

When Continental and Nissan negotiated and signed the Agreement, they included a mandatory forum-selection clause. That clause directs that any suit "arising out of or in connection with the Agreement or any Purchase Order" "shall

---

[1] https://www.continental-corporation.com/en-us
[2] https://www.continental-corporation.com/en-us/products-innovation/innovation/automated-driving
[3] https://www.continental-corporation.com/en-us/press-/press-releases/q1-2019-172460
[4] Doc. 1-1, Ex. A to Complaint.

be brought" in state court in Rutherford County, Tennessee.[5]  The forum-selection clause further provides that Continental "irrevocably waives" any objections to proceedings in Rutherford County state court.[6]  Specifically, Article 36 of the parties' Agreement states:

> **Article 36.  Jurisdiction**
>
> **36.1  Any proceedings, suit or action arising out of or in connection with this Agreement or any Purchase Order ("Proceedings") with respect to Nissan shall be brought in the state court located in Rutherford County, Tennessee.**
>
> **36.2  The governing law and jurisdiction designations in this Agreement are irrevocable and are for the exclusive benefit of Nissan.**
>
> **36.3  Supplier[7] irrevocably waives (and irrevocably agrees not to raise) any objection, on the ground of forum non conveniens or any other ground, to the taking of Proceedings in any court referred to in this Article.  Each Party also irrevocably agrees that a judgement against it in Proceedings brought in any jurisdiction referred to in this Article shall be conclusive and binding upon it and may be enforced in any other jurisdiction.[8]**

As discussed below, Continental waived any right of removal when it signed the Agreement and promised to litigate all disputes in Rutherford County state court.

## ARGUMENT

### I.  Request for Remand is Timely.

Nissan filed this lawsuit on April 5, 2019.  On May 14, 2019, Continental removed this lawsuit to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441,

---

[5] *Id.* at Article 36, p. 32 of Agreement.
[6] *Id*.
[7] The "Supplier" is Continental. (*See* Compl. Ex. A at 1, Dkt. 1-1, 22.)
[8] *Id*.

and 1446. Nissan filed this motion to remand on June 12, 2019, fewer than 30 days after Continental's notice of removal. Accordingly, this motion to remand is timely pursuant to 28 U.S.C. § 1447(c).

## II. The Removing Party Bears the Burden of Demonstrating the Propriety of Removal.

Continental asserts that this Court has subject-matter jurisdiction over these proceedings pursuant to the diversity of citizenship provisions of 28 U.S.C. § 1332. "The burden of showing that the district court has original jurisdiction is on the party seeking removal. Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." **Long v. Bando Mfg. of Am. Inc.**, 201 F.3d 754, 757 (6th Cir. 2000) (citations omitted); *see also, e.g.*, **Hertz Corp. v. Friend**, 559 U.S. 77, 96–97 (2010) ("The burden of persuasion for establishing diversity jurisdiction … remains on the party asserting it.").

"All doubts as to the propriety of removal are resolved in favor of remand." **Coyne v. Am. Tobacco Co.**, 183 F.3d 488, 493 (6th Cir. 1999), *quoted by Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). Thus, if the record or the law yields only an ambiguous or indeterminate judgment on removability, remand is required. *See* **Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.**, 512 F. App'x 485, 490–91 (6th Cir. 2013). Moreover, removal must have been provident at the time it was sought: "the question of removability depends upon the state of the pleadings and the record at the time of the application for[]removal." **Ala. Great S. Ry. v. Thompson**, 200 U.S. 206, 216 (1906); *see* **Southland Commercial Grp. Inc. v. Southland Title & Escrow**, No. 3:17-cv-13, 2017 WL 2452004, at *4 (E.D. Tenn. June 5, 2017).

### III. Continental Waived its Right to Remove.

The right to remove a suit from state court to federal court is a statutory right. 28 U.S.C. § 1441. Like most other entitlements, parties can waive that right. According to the Sixth Circuit, such waiver must be "clear and unequivocal" in order to be effective. ***Regis Associates v. Rank Hotels (Management) Ltd.***, 894 F.2d 193, 195 (6th Cir. 1990); ***In re Delta Am. Re Ins. Co.***, 900 F.2d 890, 892 (6th Cir. 1990).

Although the Sixth Circuit requires a waiver to be "clear and unequivocal," it does not require that the forum-selection clause use "magic words" specifically relinquishing the right to remove. ***Power Mktg. Direct Inc. v. Moy***, No. 2:08-cv-826, 2008 WL 4849289, at *5 (S.D. Ohio Nov. 6, 2008). For example, in ***LaSalle Group Inc. v. Tiger Masonry Inc.***, No. 10-11328, 2010 WL 4167257, at *3 (E.D. Mich. Oct. 15, 2010), the District Court for the Eastern District of Michigan described the interplay between removal and forum-selection clauses in the Sixth Circuit as follows:

> While the Sixth Circuit requires a waiver to be "explicit," it has not held—to date—that a waiver will be found only where the clause in question uses those "magic words" which specifically relinquish the right of removal. *Power Mktg. Direct, Inc. v. Moy,* No. 2:08–cv–826, 2008 WL 4849289, at *5 (S.D.Ohio Nov.6, 2008) ("[E]ven courts requiring a clear and unequivocal waiver do not mandate use of 'magic words' expressly referring to the right of removal."). Moreover, the Sixth Circuit has repeatedly insisted that the general contract interpretation principles of vindicating the parties' intent and giving words their ordinary meaning apply to purported waivers of the right to remove. It is difficult to imagine why interpretive principles would be necessary if only the specific language "I hereby waive the right to remove" could suffice. Assuming, then, that a waiver can be explicit without using the exact words "waiver of right to remove," the clause at issue here would appear to clearly and unequivocally waive the right of removal. It expressly mandates that litigation may *only*

commence in the specified state courts *and* that it must remain there throughout.

In the present case, it is hard to imagine how a forum-selection clause could be more clear and unequivocal. Continental and Nissan are exceptionally sophisticated businesses. They chose to enter into a written contract whereby both parties promised that all disputes arising from, or connected with, the Agreement or purchase orders "**shall be brought in the state court located in Rutherford County, Tennessee.**" (*See* Compl. Ex. 1 ¶ 36.1, Dkt. 1-1, at 53.)

The parties further confirmed their unequivocal intent to remain in the agreed forum in Section 36.2, stating: "the governing law and jurisdiction designations in this Agreement **are irrevocable**...." (*See id.* ¶ 36.2.) Moreover, Section 36.3 states: "Supplier [Continental] **irrevocably waives** (and irrevocably agrees not to raise) **any objection**, on the ground of forum non conveniens **or any other ground**" to proceeding in Rutherford County state court. (*Id.* ¶ 36.3.)

The parties' forum-selection provisions, as quoted above, provide a stronger and more explicit election of the state forum than the contracts honored and enforced in by the district courts in ***LaSalle Group*** and ***Power Marketing***. Moreover, those provisions extend far beyond the anemic terms found inadequate in ***Regis Associates*** and ***Delta America***. In ***LaSalle Group***, the Eastern District of Michigan found a clear and unequivocal waiver through a clause that provided merely that "the dispute may only be commenced and maintained in [a particular state court]." ***LaSalle Grp.***, 2010 WL 4167257, at *1. In ***Power Marketing***, the Southern District of Ohio likewise found a clear and unequivocal waiver via a provision stating that "any action … arising under … this Agreement shall be filed

in the [state court], and the Licensee hereby agrees and consents to the jurisdiction of [that state court] … including personal jurisdiction." ***Power Mktg. Direct***, 2008 WL 4849289, at *3.

In the present case, Continental and Nissan's Agreement not only specifies the state-court forum and recounts a consent to its jurisdiction, it actually entails an express waiver, by Continental, of all objections to that forum. Because the clause refers to the removing party by name and waives that party's objections to litigating in state court, it qualifies as a clear and unequivocal waiver under the Sixth Circuit rule. *Cf.* ***EBI-Detroit Inc. v. City of Detroit***, 279 F. App'x 340, 346–47 (6th Cir. 2008).

Forum-selection clauses are *prima facie* valid, and trial courts should enforce such clauses unless enforcement would be unjust or unreasonable. ***Bremen v. Zapata Off-Shore Co.***, 407 U.S. 1, 15, (1972). In the present case, there is nothing unjust or unreasonable about requiring two large and sophisticated companies to abide by a clear and unequivocal contractual provision negotiated at arms-length. Therefore, this Court should enforce the parties' forum-selection clause as written by granting Nissan's motion to remand. Any other result would render that important clause meaningless.

## IV. Nissan should Recover its Fees and Costs Resulting from Removal.

An order remanding a case may require the removing party to pay just costs and expenses, including attorney fees, resulting from a removal. 28 U.S.C. § 1447(c). The fundamental prerequisite for such an award is that the removing party "lacked an objectively reasonable basis for seeking removal." ***Martin v.***

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although ***Martin***'s standard sounds somewhat like the standard for frivolity, it is actually a substantially lower bar. *See* ***Kent State Univ.***, 512 F. App'x at 489. This is so in large part because the law favors remand: thus, a case whose removability is only ambiguous or arguable must be remanded, even though the argument in favor of federal jurisdiction is not frivolous. ***Id.*** at 491–92. "Objectively unreasonable" thus falls somewhere along the spectrum between reasonable and frivolous. ***Id.*** at 492.

In the present case, Continental's removal was objectively unreasonable in light of its express promises to litigate in Rutherford County and never to object to that forum. Continental breached those straightforward promises by removing the case from the agreed forum, and Nissan suffered costs and attorney fees as a result. Section 1447(c)'s fee-shifting provision exists precisely to deter parties from taking a flyer on weak removals because removal imposes costs and delays on other litigants. ***Warthman v. Genoa Twp. Bd. of Trustees***, 549 F.3d 1055, 1060–61 (6th Cir. 2008). "In general, objectively unreasonable removals should result in fee awards." ***Id.*** Accordingly, Nissan respectfully requests an award of fees and costs occasioned by the removal.

## CONCLUSION

For all of the foregoing reasons, this Court should order this case remanded to the Circuit Court for Rutherford County, Tennessee and direct Nissan to file an itemized statement of its fees and expenses.

Respectfully submitted,

LEADER, BULSO & NOLAN, PLC

By: /s/ George Nolan
    Eugene N. Bulso Jr. (Tenn. No. 12005)
    George Nolan (Tenn. No. 14974)
    Paul J. Krog (Tenn. No. 29263)
    414 Union Street, Suite 1740
    Nashville, Tennessee 37219
    (615) 780-4114
    (615) 780-4122
    gbulso@leaderbulso.com
    gnolan@leaderbulso.com
    pkrog@leaderbulso.com

*Attorneys for Plaintiff, Nissan North America Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that on June 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| W. Scott Sims | Herbert C. Donovan |
| Robert A. Peal | Andrew B. Fromm |
| D. Gil Schuette | Brooks Wilkins Sharkey & Turco, PLLC |
| Sims | Funk PLC | 401 South Old Woodward, Suite 400 |
| 3322 West End Ave., Suite 200 | Birmingham, Michigan  48009 |
| Nashville, Tennessee | |

    /s/ George Nolan
    George Nolan