UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., a California Corporation, | Case No. 3:19-cv-0396 |
| Plaintiff, | Hon. Aleta A. Trauger |
| v. | **ORAL ARGUMENT REQUESTED** |
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC. (successor to Continental Teves, Inc.); CONTITECH NORTH AMERICA, INC.; and CONTINENTAL TIRE THE AMERICAS, LLC (successor to Continental Tire North America, Inc.), | |
| Defendants. / | |

**DEFENDANTS CONTINENTAL AUTOMOTIVE
SYSTEMS, INC.'S, CONTITECH NORTH AMERICA, INC.'S,
AND CONTINENTAL TIRE THE AMERICAS, LLC'S RESPONSE IN OPPOSITION
TO NISSAN NORTH AMERICAN, INC.'S MOTION TO REMAND**

Nissan North America, Inc.'s motion to remand should be denied for three fundamental reasons: (1) Nissan has not identified any document purporting to contain a waiver of Defendants' right to remove this action that could possibly apply at the time of the subject vehicle's pre-July 2004 manufacture date; (2) the October 2004 contract that Nissan exclusively relies on to support the Motion did not exist at the time Nissan manufactured the Subject Vehicle and does not apply retroactively to the purchase or sale of assemblies or components incorporated into that vehicle; and (3) Nissan's legal arguments are directly at odds with binding Sixth Circuit precedent and the relevant Tennessee decisions conspicuously omitted from the Motion.

## I. INTRODUCTION

This is not a typical remand motion in which the moving party contests the parties' citizenship or the amount in consideration. Nissan concedes both points. Instead, Nissan argues only that Defendants Continental Automotive Systems, Inc., ContiTech North America, Inc., and Continental Tire the Americas, LLC, (collectively, "Continental") expressly waived their right to remove this case. Nissan, however, has produced no support for its position (because it simply does not exist) and instead chooses to cite to an agreement it knows does not apply.[1]

This case involves a component part that Nissan alleges it purchased from Continental and incorporated into an Infiniti QX56 vehicle's brake booster assembly. While not referenced in Nissan's Motion, the timeline pertinent to that subject vehicle's manufacture and delivery for sale is fatal to Nissan's motion. Nissan manufactured and the Infiniti QX56 vehicle incorporating that brake booster assembly and shipped it for delivery to its dealer on July 26, 2004. Counting backwards from that July 2004 vehicle manufacture date, Nissan's purchase of the brake booster assembly incorporated into that finished vehicle had to occur prior to this date.

After removal, in its answer and affirmative defenses, Continental informed Nissan and this Court that the October 22, 2004 Master Purchase Agreement (the "MPA") attached to Nissan's Complaint was not operative or even potentially applicable to the purchase and sale of the brake booster assembly component at issue based upon the vehicle's July 26, 2004 manufacture and shipping date. (Dkt. 9 at ¶¶7; 15.) After Continental's answer confirming these facts was filed, Continental's undersigned counsel participated in several telephone calls with counsel for Nissan

---

[1] The Motion wrongfully implies that the October 22, 2004 Master Purchase Agreement applies to any component purchased from Continental prior to July 26, 2004. For example, the Motion states "[t]hey chose to enter into a written contract whereby both parties promised that all disputes arising from, or connected with, this Agreement or purchase orders 'shall be brought in the state court located in Rutherford County, Tennessee.'" (Mot. at p. 6.) However, as discussed below, the MPA by its terms is expressly forward looking only. (Dkt. 13-1, at p. 25.)

to discuss locating the operative contract documents governing the sale and purchase of the brake booster assembly at issue and to request that those documents be provided.[2]

Rather than provide Continental with a copy of the operative agreements (as counsel for Continental thought Nissan had agreed to do), Nissan rushed to file this ill-advised Motion based entirely on the terms of the MPA executed at least four months after Nissan manufactured the subject vehicle. Even if the MPA did apply, binding Sixth Circuit precedent and Tennessee law makes it clear that the forum selection clause on which Nissan relies does not operate as a waiver of or obstacle to removal.

## II.      FACTUAL BACKGROUND RELEVANT TO THE MOTION

Nissan's lengthy complaint asserts only a single count of a breach of contractual indemnification for a California product liability case involving a "2004 Infiniti XQ56 VIN Number 5N3AA08C14N809115 ('Subject Vehicle')." (Compl. ¶18, Dkt. 13-1, at p. 10.) Nissan manufactured and shipped the Subject Vehicle in July 2004. (Ex. 1, at p. 3, CARFAX Vehicle History Report.) The MPA Nissan cites in support of its contractual indemnification claim (Mot. at p. 1-2) was not executed until October 22, 2004, several months after the completed vehicle was manufactured and shipped to a dealer. (MPA, Dkt. 13-1, at p.22.) The MPA was expressly forward looking when executed, stating that it applies only to "any purchase order or amendment to a purchase order submitted by Nissan and accepted by Supplier on or after the Effective Date." (October 22, 2004) (Dkt. 13-1, at p. 25.) This post manufacture MPA contains the forum selection clause on which Nissan now attempts to rely:

> 36.1  Any proceeding, suit or action arising out of or in connection with this Agreement or any Purchase Order ("Proceedings") with

---

[2] Continental also informed Nissan that it was searching its files for contract documents and related communications, but that the MPA was not the operative agreement relating to the subject vehicle.

3

> respect to Nissan shall be brought in the state court located in Rutherford County, Tennessee.
>
> 36.3   Supplier irrevocably waives (and irrevocably agrees not to raise) any objection, on the ground of forum non conveniens or on any other ground, to the taking of Proceedings in any court referred to in this Article.

(Dkt. 13-1, at p. 53.)

### III.   LEGAL STANDARD

Federal courts are of limited jurisdiction. A defendant in a civil action before a state court may remove that action to the district court with jurisdiction over the geographical territory including that state court. *Crow Friedman Group of Ga., Inc. v. Tolbert*, 2013 WL 12186163 (W.D. Tenn. Jan. 22, 2013) (citing 28 U.S.C. § 1441(a)). On a motion to remand, the defendants bear the burden of establishing that removal was proper. *State ex rel. Slatery v. Tenn. Valley Auth.*, 311 F.Supp.3d 896, 902 (M.D. Tenn. 2018). The United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs between citizens of different states. 28 U.S.C. § 1332(a)(1). The right to removal is "absolute" if the conditions in 28 U.S.C. § 1441 are met. *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir 1990).

Although a party may contractually waive the right to remove a matter to federal court, "such waiver must be clear and unequivocal." *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009); *Tolbert*, 2013 WL 1218163, at *5. "A clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008).

## IV.     ARGUMENT

### A.     Continental Has Met its Burden that Removal is Proper and that the MPA is Not the Operative Contract.

Continental has established that removal is proper. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (*See* Amended Notice of Removal (Dkt. 13.)) Nissan does not dispute these facts supporting removal in the Motion. Rather, Nissan's only argument is that Continental expressly waived its right to remove this case under contract. It did not.

The terms of the MPA, including the forum selection clause identified in the Motion, apply only to parts sold pursuant to Nissan purchase orders issued on or after the October 24, 2004 Effective Date of the MPA. (Dkt. 13-1, at p. 25.) Therefore, Nissan cannot establish that the MPA, or any of its provisions, could apply to a purchase order for assemblies and components incorporated into the Subject Vehicle before it was manufactured and shipped several months earlier.

As a party purportedly challenging removal, Nissan must at least identify the contractual language from the operative contract that allegedly supports its claims. *See, e.g., Brooks v. Wells Fargo Bank, N.A.*, 2014 WL 345737, at *2 (M.D. Tenn. Jan. 30, 2014) ("In the context of claims arising out of an alleged breach of contract, a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff."); *see also U.S. ex rel. Guzall v. City of Romulus*, 2017 WL 3394751, at *12 ("Ms. Guzall does not otherwise relate

5

a clear and unequivocal express agreement…identify a contractual provision forbidding her discharge….Defendants, therefore, are entitled to summary judgment…")

Moreover, Fed. R. Civ. P. 8 requires Nissan to identify the contract at issue and identify any specific allegations that Nissan alleges that Continental has breached. *See, e.g., Paz v. Wells Fargo Bank*, 2012 WL 6623082, at *2 (M.D. Tenn. Dec. 19, 2012). Nissan has failed to do so. Therefore, its Motion must be denied.

### B. Even if Applicable, the Forum Selection Provision in the Cited MPA Does Not Preclude Removal.

The forum selection clause in the inapplicable MPA Nissan cites states:

> 36.1 Any proceeding, suit or action arising out of or in connection with this Agreement or any Purchase Order ("Proceedings") with respect to Nissan shall be brought in the state court located in Rutherford County, Tennessee.

(Dkt. 13-1, at p. 53.) It says nothing at all about removal. *Id.* This is problematic for Nissan because a contractual waiver clause of a party's right to removal under 28 U.S.C. § 1441(a) must be "clear and unequivocal." *Cadle*, 307 F. App'x at 886. Accordingly, a forum selection clause that does not even mention removal is not a "clear and unequivocal" waiver. *EBI-Detroit, Inc.*, 297 F. App'x at 347. In *Tolbert*, a Tennessee District Court was faced with a similar forum selection clause to the one in the inapplicable MPA Nissan cites. The forum selection clause at issue in that case stated:

> 20.12 <u>Forum Selection</u>. Any dispute between the parties to this Agreement shall be adjudicated in the Chancery Court for Shelby County, Tennessee only. The parties consent to personal jurisdiction of said Court.

*Tolbert*, 2013 WL 12186163, at *5. The District Court rejected the remand argument, holding "[t]his clause does not mention removal, nor does it explicitly waive any right to removal. Arguably the clause *implicitly* waives the right to removal, but under Sixth Circuit precedent this

6

is not enough. Accordingly, the Court finds the forum selection clause at issue does not strip this Court of jurisdiction under 28 U.S.C. §1441's provisions for removal." *Id.* at *5. (emphasis in original). Similarly, in *Bristol Preservation, LLC v. IGC-Bristol, LLC*, 2017 WL 2773663, (E.D. Tenn. June 26, 2017), the district court held "[i]n particular, a clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Id.* at *3.

Nissan also cannot rely on a forum-non conveniens provision in the MPA relating to support its remand Motion. That provision states:

> 36.3 Supplier irrevocably waives (and irrevocably agrees not to raise) any objection, on the ground of forum non conveniens or on any other ground, to the taking of Proceedings in any court referred to in this Article.

(Dkt. 13-1, at p. 53.) As this Court is aware, the doctrine of forum non-conveniens applies only to transfers to other federal courts and is not relevant to the instant Motion. *See, e.g., Noller v. Southern Baptist Conv., Inc.*, 2014 WL 3759522, at *6 (M.D. Tenn. July 30, 2014) (Trauger, J.) (citing Charles A. Wright & Arthur R. Miller 14 D Federal Practice & Procedure § 3828 (4th ed. April 2014)). For all of these reasons, the cited MPA, even were it retroactively applied to purchases preceding its Effective Date as Nissan desires, does not establish the clear and unequivocal waiver of removal pre-requisite to a remand.

The two out-of-state cases cited by Nissan in support of its Motion are not binding on this Court. One is no longer good law, and the other is readily distinguishable from the forum selection clause in the MPA. *Power Mktg. Direct, Inc. v. Moy*, 2008 WL 4849289 (S.D. Ohio Nov. 6, 2008) predates the "mandatory, binding authority of the Sixth Circuit in *Cadle*," which requires a forum selection clause to explicitly mention removal. *Zehentbauer Family Land LP, et al. v. Chesapeake Expl., LLC*, 2016 WL 3903391, at *3 (S.D. Ohio July 19, 2016). Similarly, in *LaSalle Grp., Inc. v. Tiger Masonry, Inc.*, 2010 WL 4167257 (E.D. Mich. Oct. 15, 2010), the forum selection clause

7

at issue in the contract stated that the dispute "may only be commenced and maintained in the Circuit Court for the County of Wayne, Michigan…" *Id.* at *1. Interpreting that clause, the district court held that it satisfied *Cadle*, because [i]t expressly mandates that litigation may only commence in the specified state courts *and that it must remain there throughout*." No such language is present in the MPA. (Dkt. 13-1, at p. 53.) The Motion must be denied.

### C. Nissan's Request for Attorneys' Fees Lacks Merit.

Nissan's allegation that Continental lacked "an objectively reasonable basis for seeking removal" and related request for attorneys' fees is patently meritless. Neither of the cases cited by Nissan are on point. In *Warthman v. Genoa Twp. Bd. of Trs.,* 549 F.3d 1055, 1064 (6th Cir. 2008), the issue was subject matter jurisdiction of the federal court, and the defendant attempted to remove a complaint that pleaded only state law claims. Similarly, in *Martin v. Franklin Capital Corp,* 546 U.S. 132, 140 (2005), the Supreme Court denied the Martins' request for attorneys' fees and held "But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases."

Continental has established an objectively reasonable basis for removal under 28 U.S.C. §1441(a). Nissan does not contest that Continental has established diversity jurisdiction or that the amount in controversy in this case exceeds the requirements. Nissan is the only party wasting the Court's time and resources with its unsupported Motion citing an inapplicable MPA. Nissan's request for attorneys' fees should be denied.

### V. CONCLUSION

Nissan's motion is premised on a document that didn't exist at the time Nissan manufactured the Subject Vehicle with its incorporated components (including the brake booster assembly). Because the MPA Nissan cites was expressly forward looking and did not apply retroactively, the Motion should be denied. Additionally, and as a matter of law, the MPA does

8

not contain an express waiver of Continental's absolute right to removal under 28 U.S.C. § 1441(a) and does not support remand.

WHEREFORE, Continental respectfully requests that this Court deny Nissan's Motion and award Continental all relief this Court deems necessary and just, including an award for Continental's attorneys' fees.

Dated: June 25, 2019                    Respectfully submitted,


/s/ *W. Scott Sims*
W. Scott Sims
SIMS FUNK, PLC
3322 West End Ave. #200
Nashville, TN 37203
(615) 454-9335
ssims@simsfunk.com


and

Herbert C. Donovan (*admitted pro hac vice*)
Andrew B. Fromm (*admitted pro hac vice*)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward Ave. Suite 400
Birmingham, MI 48009
(248) 971-1800
donovan@bwst-law.com
fromm@bwst-law.com


*Attorneys for Defendants Continental Automotive Systems, Inc., ContiTech North America, Inc., and Continental Tire the Americas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on the following individuals via the Court's CM/ECF system on June 25, 2019:

Eugene N. Bulso, Jr.
George Nolan
Paul J. Krog
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
gbulso@leaderbulso.com
gnolan@leaderbulso.com
pkrog@leaderbulso.com

*/s/ W. Scott Sims*