UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., a California Corporation, | Case No. 3:19-cv-0396 |
| Plaintiff, | Hon. Aleta A. Trauger |
| v. | **ORAL ARGUMENT REQUESTED** |
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., *et al.* | |
| Defendants. | |

# DEFENDANTS' SUR-REPLY

Nissan's remand argument turns on whether it can establish the existence of a jurisdictional waiver precluding removal under Tennessee law in a contract governing the sale and purchase of the Continental brake booster at issue. Nissan cannot do so because it has failed to identify the contract or terms applicable to that brake booster and because none of the jurisdictional terms it does cite as potentially applicable preclude removal.

### I. Nissan Has Not Identified any Contract or Terms Precluding Removal

In its Reply, Nissan abandons its earlier argument that the October 2004 MPA applied by its express terms and pivots to an argument that the MPA and its jurisdictional term applies to that earlier sale through a "course of dealing." Hedging its bets, Nissan also argues an April 2004 purchase order for the brake booster "potentially" incorporated March 2000 terms and conditions different from those in the MPA. Oddly, Nissan never chooses between these different alternatives by identifying what it considers the operative contract and terms and leaves the Court to guess.

### A. Nissan's Failure to Identify an Express Waiver Applicable to the Part at Issue in the Subject Vehicle is Fatal to its Remand Motion

It is self-evident that a party seeking to sue under a contract needs to identify that contract. Before this Court can decide whether a forum selection clause somehow precludes removal, "it must first determine which agreement or agreements apply to this action as between the parties at bar." *Energy Solutions, LLC v. Conn. Yankee Atomic Power Co.*, 2007 WL 1228608, at *1 (D. Utah Apr. 26, 2007); *SJW Concrete, LLC v. 52 Eighty Partners, LLC*, 2016 WL 659101, at *3 (E.D. Va. Feb. 17, 2016). This Court cannot do so because Nissan has been vague and inconsistent regarding the contract and terms under which it is suing Continental.

The Pinnekamp and Meltzer declarations provide no help. Rather than committing Nissan to a contract and terms that apply to the brake booster at issue, the declarants merely provide some background about the contract forms and terms and conditions Nissan sometimes used in the early part of the century to purchase automotive components. Each Nissan declarant also indulges in speculation (built on hearsay) about typical Nissan contracting practices and the pre-printed forms potentially used by Nissan in the early 2000s. What they do not say is what terms were associated with the operative purchase contract. In considering a similar issue, the court in *In re First Thermal Sys., Inc.*, 182 B.R. 510, 513 (Bankr. E.D. Tenn. 1995) rejected an affidavit submitted as evidence of contract terms purportedly printed on the reverse-side of that party's purchase order. In that case, Chemtex sought to enforce an arbitration agreement it argued appeared on the back of its purchase order. *Id.* at 512. In rejecting the affidavit, the court found it "remarkable for what it does not say" while highlighting that it failed to "demonstrate that Dixstar knew of the arbitration clause as a result of a prior course of dealing with Chemtex." *Id.* at 513.

Speculation and hearsay are not the only defect in the declarations. Declarations must be made upon personal knowledge with respect to the facts contained in them. *Smith v. Prudential Ins. Co. of Am.*, 864 F. Supp. 2d 654, 658 (M.D. Tenn. 2012). Declarations made without personal knowledge are inadmissible. *Weyerhaeuser NR Co. v. Louisiana-Pacific Corp.*, 2013 WL 5331246, at *3 (M.D. Tenn. Sept. 23, 2013). Nissan's declarations are both inadmissible because each declarant lacks personal knowledge of the operative terms and conditions governing the sale of the brake booster at issue. Mr. Pinnekamp simply confirms his assumption, based on a recent discussion with a printing company, that circa 2000 Nissan standard terms and conditions may have been associated with a 2007 Nissan contracting form. (Dkt. 25 at ¶2.) He says nothing about the April 2004 purchase orders (both based on a July 2002 form and not the 2007 form) attached to the Melzer affidavit and described (albeit vaguely) as covering the purchase of the brake booster assembly at issue. (Dkt. 24 at ¶3.) Mr. Melzer only confirms that he signed a pair of braking component purchase orders issued to Continental in 2003 and 2004. (*Id.* at ¶¶ 4-5.) He does not confirm with personal knowledge whether any terms appeared on the reverse of those orders or, if so, which terms appeared and what they said. Rather, he invites the Court to assume what may have appeared by first summarizing his personal "memory" of Nissan's standard purchasing forms and practices during an unspecified time in the past before reciting his "understanding" of what someone else (presumably Pinnekamp) discussed with an unidentified printing company about Nissan's purchase order templates. *Id.* None of what he says in his declaration constitute facts relevant to the issue at bar because none of his assertions actually establish which (if either) of the two purchase orders applied to the purchase of the actual brake booster at issue or whether either of them actually had terms and conditions printed on the back. What we can confirm by looking

at the visible print is that neither purchase order makes any reference to the application of Nissan's standard terms or to the presence of any writing or terms on the back.

### B. Undisclosed Terms Would Not Bind Continental

Nissan cannot bind Continental to terms printed on the back side of a form that are not referenced or disclosed on the front side of that form. *See, e.g.,* 22 N.Y. Jur. 2d Contracts §29.[1] Terms and conditions printed on the back of a purchase order are not incorporated into the contract if there is "no reference whatsoever on the front of the order to the 'Terms and Conditions' as being on the back of the order…" *See, e.g., Hunt v. Perkins Mach. Co.*, 352 Mass. 535, 541 (1967).[2]

## II. No "Course of Dealing" Made the MPA Retroactively Applicable

Even if, as Nissan argues in its Reply, the parties anticipated negotiating a future MPA when they were negotiating the contracts for the component at issue in 2002, that MPA would need to retroactively apply by its own terms. In fact, when the parties did negotiate an MPA they chose to do the opposite – expressly limiting its application to Purchase Orders issued after October 22, 2004. This negotiated term expressly precludes the MPA's retroactive application to any purchase order issued before that date, and no alleged "course of dealing" can eradicate this purposeful choice because express terms control over course of dealing. 12 *Williston on Contracts* §34:7 (4th ed.). Indeed, in *Miller v. Driver*, 2012 WL 2131230, at *8 (M.D. Tenn. June 12, 2012) (Trauger, J.), this Court rejected the same argument that Nissan makes here — that a party's subsequent performance negated express contract terms.

---

[1] ("[A] party should not be bound by clauses printed on the reverse side of a contract unless it is established that they were properly called to his or her attention and that he or she assented to them.").

[2] *See also Falls Steel Tube & Mfg. Co. v. Trumark, Inc.*, 1995 WL 750541, at *4 (6th Cir. Dec. 18, 1995) (affirming district court's finding that terms and conditions on the back of the buyer's purchase order were not incorporated into the parties' contract).

In support of its "course of dealing" argument, Nissan provides incomplete (and therefore misleading) information regarding the *Banks* and *West* class action lawsuits and settlements. Unlike the underlying product liability claim related to a single Nissan vehicle, the class action cases Nissan cites involved an array of Model Year 2004-2008 vehicles. Many of the Continental components in later Model Year vehicles in that group would have been sold under contracts issued after the MPA was executed.[3] Consequently, Continental and Nissan's involvement in class actions spanning vehicles and components manufactured sold over several years do not constitute a "course of dealing" with respect to the application of the MPA.

## III. The March 2000 Terms Nissan Cites Do Not Reference Removal

Nissan argues the forum selection clause from its March 2000 terms and conditions preclude removal because they provide "any legal action arising out of or related to performance under this purchase order will be brought only in Rutherford County, Tennessee." (Dkt. 24-2 at p. 2) For the same reasons discussed in Continental's response, even if Nissan can overcome its failure to establish that the 2000 version of its terms and conditions applied to its purchase of the brake booster at issue, they are (like the MPA terms) silent as to removal and fail to establish a clear and unequivocal waiver. (Dkt. 19 at p. 6-8.)

WHEREFORE, Continental respectfully requests that Nissan's Motion be denied.

---

[3] The *Banks* and *West* settlement agreement also dictates that it shall not be offered as evidence against Continental in any action for any reason. (Dkt. 23-2 at p. 26.)

Respectfully submitted,

| | |
|---|---|
| | */s/ W. Scott Sims* |
| Herbert C. Donovan (*pro hac vice*) | W. Scott Sims |
| Andrew B. Fromm (*pro hac vice*) | SIMS FUNK PLC |
| BROOKS WILKINS SHARKEY & TURCO PLLC | 3322 West End. Ave. #200 |
| 401 S. Old Woodward Ave. Suite 400 | Nashville, TN 37203 |
| Birmingham, MI 48009 | (615) 454-9335 |
| donovan@bwst.law-com | ssims@simsfunk.com |
| fromm@bwst-law.com | |

Dated: July 15, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on the following individuals via the Court's CM/ECF system on July 15, 2019:

Eugene N. Bulso, Jr.
George Nolan
Paul J. Krog
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
gbulso@leaderbulso.com
gnolan@leaderbulso.com
pkrog@leaderbulso.com

                                                            */s/ W. Scott Sims*