IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) No. 3:19-cv-0396<br>) JUDGE ALETA A. TRAUGER<br>) MAGISTRATE JUDGE GRIFFIN |
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC. (successor to Continental Teves, Inc.); CONTITECH NORTH AMERICA, INC.; and CONTINENTAL TIRE THE AMERICAS, LLC (successor to Continental Tire North America, Inc.) | )<br>)<br>)<br>) **ORAL ARGUMENT**<br>) **REQUESTED**<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONTINENTAL AUTOMOTIVE SYSTEMS, INC.'S, CONTINENTAL TIRE THE AMERICAS, LLC'S, AND CONTITECH NORTH AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT

In this lawsuit, Nissan North America seeks contractual indemnity from three different Continental entities for a California jury's verdict finding that Nissan was negligent and 100% responsible for fatal injuries sustained by three individuals in a 2012 automobile accident. But that attempt must fail because there is no contractual indemnity obligation between the parties regarding the underlying California proceedings. Also, Nissan has previously stipulated and agreed that it is barred from pursuing an implied indemnity claim arising out of the 2012 accident, and is not otherwise entitled to indemnification for its own negligence. Without a contractual indemnification provision, considering Nissan's stipulation and the Court's order that "any and all claims by and between the Parties for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault, shall be barred pursuant to

*California Code of Civil Procedure* § 877.6," and that the California jury's binding determination that Nissan was negligent, Nissan's claims fail as a matter of law.

For these reasons, and as explained more fully in the accompanying Memorandum of Law in Support and shown by the accompanying Statement of Undisputed Facts, Defendants move this Court for summary judgment under Fed. R. Civ. P. 56 on Nissan's claims for both express and implied contractual indemnity as there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law. Fed R. Civ. P. 56(a).

Defendants request oral argument on this matter via a contemporaneously filed motion.

Respectfully submitted,

Herbert C. Donovan (*pro hac vice*)
Andrew B. Fromm (*pro hac vice*)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward Ave. Suite 400
Birmingham, MI 48009
donovan@bwst.law-com
fromm@bwst-law.com

*Attorneys for Defendants Continental Automotive Systems, Inc., ContiTech North America, Inc., and Continental Tire the Americas, LLC*

/s/ W. Scott Sims
W. Scott Sims
Sims Funk PLC
3322 West End. Ave. #200
Nashville, TN 37203
(615) 454-9335
ssims@simsfunk.com

Dated: June 3, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on the following individuals via the Court's CM/ECF system on June 3, 2020:

Eugene N. Bulso, Jr.
Paul J. Krog
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
gbulso@leaderbulso.com
pkrog@leaderbulso.com

/s/ W. Scott Sims