# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NISSAN NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-0396 |
| | ) | JUDGE ALETA A. TRAUGER |
| CONTINENTAL AUTOMOTIVE SYSTEMS, | ) | MAGISTRATE JUDGE NEWBERN |
| INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL JOINT DISCOVERY DISPUTE STATEMENT

Pursuant to Local Rule 37.01 and Magistrate Judge Newbern's Order dated April 5, 2021 (Dkt. No. 137), Plaintiff Nissan North America, Inc. ("Nissan") and Defendant Continental Automotive Systems, Inc. ("CAS") file this supplemental joint written statement regarding their positions on the number of depositions either party may take.

### A.      Nissan's Position

Continental has now identified, with varying degrees of specificity, nineteen (19) additional witnesses it seeks to depose in this action. Such witnesses are listed in Continental's letter dated April 5, 2021, attached as Exhibit 1 hereto. Although the relevancy of certain of these proposed depositions is dubious at best, Nissan will not object to Continental's request to depose witness **Nos. 1-13**. (It appears that at least four of these witnesses are in Japan. To the extent Continental seeks to depose witnesses outside the United States, it is responsible for scheduling and taking such depositions in compliance with the laws of the sovereign jurisdictions in which those witnesses reside and work.)

Nissan objects to Continental's proposed witness **Nos. 14 and 15** because Continental cannot even make a colorable argument that such testimony is relevant to this case. Continental

identifies "Edward Piceno, Laura Nord or similar witnesses" (Ex. 1 at 3) as "OSI" (other similar incidents) witnesses. The testimony of such witnesses is not relevant to any issue in this case because (a) Judge Trauger has ruled that Nissan paid no damages for its alleged failure to recall the 2004 Infiniti QX56 automobile at issue (Dkt. 120 at 19) and (b) Continental has waived any defense based upon Nissan's alleged failure to recall or Nissan's alleged failure to mitigate damages. Continental's Rule 30(b)(6) designee admitted that there was no factual basis, or claimed ignorance as to any factual basis, for such a defense. *See* Exhibit 2 (Notice of Deposition) and Exhibit 3 (excerpts of testimony of Continental's Rule 30(b)(6) designee).

Continental testified:

Q. (By Mr. Bulso)  Other than your testimony that Nissan decided when OHB was to actuate and your testimony that Nissan is responsible for the entire integrated braking system, is there any other decision, action, or conduct by Nissan that Continental claims bars Nissan's claims in this case?

MR. DONOVAN:  Same objection.

A. Not that I'm aware.

\*                        \*                        \*

Q. (By Mr. Bulso) In paragraph 6, Mr. Beaver, Continental states that Nissan's claims are barred in whole or in part by Nissan's failure to mitigate damages.  What is the factual basis for Continental's defense that Nissan's claims are barred in whole or in part by Nissan's alleged failure to mitigate damages?

MR. DONOVAN:  Same objection.

A. I'm unaware of the details behind this topic.

(Ex. 3 pp. 13, 15)

Rule 30(b)(6) obligates the testifying entity to educate its witness about the designated topics to the reasonable extent of the entity's knowledge; the witness's testimony is not limited to his own personal knowledge. *See, e.g.*, ***Consumer Fin. Protection Bureau v. Borders & Borders***

*PLC*, No. 3:13-cv-1047, 2016 WL 9460471, at \*3–4 (W.D. Ky. June 29, 2016); *accord, e.g.*, ***Brazos River Auth. v. GE Ionics Inc.***, 469 F.3d 416, 433 (5th Cir. 2006) Because a 30(b)(6) designee acts as the voice of the deponent entity, "courts have precluded [an entity] from later introducing evidence on [a] subject" about which its designee claimed ignorance during a deposition. ***Function Media LLC v. Google Inc.***, No. 2:07-cv-279, 2010 WL 276093, at \*1–2 (E.D. Tex. Jan. 15, 2010); *accord* **Consumer Fin. Protection Bureau**, 2016 WL 9460471, at \*5; ***Briese Lichttechnik Vertriebs GmbH v. Langton***, 272 F.R.D. 369, 376 (S.D.N.Y. 2011) (noting that testimony of ignorance on certain questions by otherwise-prepared designees "bound" entity deponent.

There is, accordingly, no reason for the Court to grant Continental leave to depose witness Nos. 14 and 15.

Nissan objects to Continental's proposed witness **Nos. 16-18** (Ex. 1 at 3) as wholly unnecessary and a waste of time and expense. Continental's letter identifies such witnesses as "authentication witnesses." But the parties have a certified transcript of the trial and appellate proceedings in *Bernardino.* All such materials are self-authenticating under Fed. R. Evid. 902. There is no need for any party to depose any witness to "authenticate" testimony or exhibits admitted into evidence at the underlying trial.

Nissan objects to witness No. 19 for the same reasons that it objects to witness **Nos. 14 and 15**.

B.     **CAS' Supplemental Details Identifying Specific Deponents, Topics, and Locations**

Pursuant to the Court's April 5 Order (Dkt. No. 137, PageID# 6375), CAS identified the 19 additional fact witnesses below it seeks to depose, the topics on which it seeks to depose them, and the anticipated lengths and locations of the depositions (CAS Letter to Nissan with chart of

proposed depositions, Ex. 1). Although the parties were only four depositions apart, Nissan's counsel declined to agree to CAS' request to take Nissan and third-party depositions beyond the initial 15 or so discussed by the parties on April 2nd. Specifically, Nissan declined to consent to a few depositions of consumer owners or drivers of Nissan X61A program vehicles who experienced field performance issues with the Nissan designed braking system or to a few focused depositions intended to confirm and authenticate key facts, submissions and testimony from experts and other witnesses from the California case.

Consistent with Judge Trauger's previous statements to the parties and in her memorandum granting CAS' partial motion for summary judgment, the *Bernardino* case file, including the deposition and trial testimony has not provided CAS with visibility and access to facts and details regarding Nissan's choices, decisions, preferences, and compromises relevant to its design of the braking system and their corollary field performance effects and consequences. Nissan's failure to prepare corporate representatives to testify with knowledge and to produce the requested documents and data make the additional depositions detailed below requested by CAS not only necessary, but essential to CAS' defense of Nissan's claims and allegations in this case. *See, e.g., Potts v. Nashville Limo & Transp., LLC*, 2018 WIL 2421641, at *2 (a)(2)(A)(i) (May 30, 2018) (Newbern, J.) ("[T]he moving party must make a particularized showing why extra depositions are necessary.") CAS believes it has made such a particularized showing. The scant Nissan documents that CAS located from the *Bernardino* file, and the Nissan deposition testimony to date, confirm that in the early 2000s, Nissan was a late arriver to the U.S. full-size SUV market and pushed its first full-sized sport-utility to market to meet an internal start of production deadline over the express brake performance and feel objections of certain members of the Nissan engineering community.

Nissan's obvious preference is for CAS to defend this lawsuit without visibility to any of Nissan's decisions, documents, and testing or access to Nissan and third-party witnesses with relevant personal knowledge of these events and their aftermath. That approach is prejudicial to CAS' technical and causation defenses.

Below, CAS identifies 8 topics and 19 associated witnesses that are necessary in light of the issues, complexity, and costs involved in this action that Nissan values at over $30 million. Consistent with CAS' letter (Ex. 1) for Nissan witnesses, CAS is agreeable to Nissan's choice of location. For former employees and third-party witnesses, CAS will depose the witness in their current location. CAS is amenable to using zoom where appropriate and efficient, including for international deponents and California witnesses.

**Topic 1 Contract and Commercial:**

**(1) Mark Meltzer (Tennessee).** Nissan's brake component buyer who is identified on certain purchase orders involving brake components issued to CAS' predecessor entity. CAS anticipates the deposition of Mr. Meltzer will only take a half day.

**Topic 2 Technical Design/development KDB and KJ6:** CAS has identified the following four witnesses in Japan and other locations, which last known addresses have been requested from Nissan:

**(1) Nat Thiagarajan**, Nissan former employee. Nissan's deponents have informed CAS that it would need to speak with Mr. Thiagarajan, Nissan's vehicle program manager for the X61A Program, about any details concerning Nissan's start of production timing and related development milestones and dates. CAS has requested last known address information from Nissan that will inform the location of the deposition. CAS anticipates the deposition of Mr. Thiagarajan will take up to 7 hours.

**(2) Fumio Matsumoto,** Nissan former employee. Nissan's deponent Paul Robson testified that his main contact in Japan for questions involving Nissan's KDB and KJ6 design and testing activities is Mr. Matsumoto. Mr. Matsumoto also is identified as a participant in key Nissan brake test reports and brake component tuning activities. CAS has requested last known address information from Nissan that will inform the location of the deposition. CAS anticipates the deposition of Mr. Matsumoto will take up to 7 hours.

**(3) Atsutoshi Takahashi (Japan).** Mr. Takahashi is identified as a key member of Nissan's KDB group which designed the braking system and was also involved in Nissan's own integration and testing of that braking system. CAS anticipates the deposition of Mr. Takahashi will take up to 7 hours.

**(4) Yasuyuki Tominaga (Japan).** Mr. Tominaga was not previously identified by Nissan in its disclosures or discovery responses as knowledgeable, and perhaps most knowledgeable, about the relevant pre-launch braking system design, development, testing, and validation records and communications for the system at issue. Mr. Tominaga's identify was not known to CAS prior to the deposition of Nissan's corporate representative in February, who testified that his only knowledge about those Nissan activities was a 30-minute telephone call just prior to the deposition. CAS anticipates the deposition of Mr. Tominaga will take up to 7 hours.

**Topic 3 Consumer Responses and Communications:** CAS has identified the following three witnesses in Michigan, Arizona, and South Carolina:

**(1) Keith Swan (Michigan).** Nissan's deponents have identified Mr. Swan as the only person with personal knowledge of Nissan's field investigation involving the X61A Program's braking system field performance issues. CAS anticipates the deposition of Mr. Swan will only take a half day.

**(2) Jeff Weidenbach (Arizona).** Nissan's brake test engineer Paul Robson testified that Mr. Weidenbach had personal knowledge of the critical items in Nissan's brake test reports contained within the *Bernardino* case file and that counsel for Continental would have to discuss those details with Mr. Weidenbach. CAS anticipates the deposition of Mr. Weidenbach will take up to 7 hours.

**(3) Lewis Lawson (South Carolina).** Nissan's deponents testified that Mr. Lawson prepared Nissan's important cost study relating to its decision not to issue a recall and that Mr. Lawson provided key inputs to that cost study. CAS anticipates the deposition of Mr. Lawson will only take a half day.

**Topic 4 Field Issue and Corrective Actions:** CAS has identified the following two witnesses in Japan and Michigan:

**(1) Richard Miller (Japan).** Nissan's deponents testified that Mr. Miller was highly critical of Nissan's braking system performance and feel in the X61A Program and directed CAS to Mr. Miller for additional details concerning his criticisms and concerns. CAS anticipates the deposition of Mr. Miller will only take a half day.

**(2) Andrew Smith (Michigan).** Mr. Smith was involved in Nissan's post-start of production activities. Nissan designated Mr. Smith as a corporate representative on all design and development topics. CAS needs additional deposition time with Mr. Smith about his involvement in field issues and corrective actions. CAS anticipates the deposition of Mr. Smith will only take a half day.

**Topic 5 Fact OSI Witnesses from the *Bernardino* Case:** CAS has identified the following two witnesses or similar witnesses in California and Kentucky, subject to Nissan's supplementation of the information concerning Nissan's vital issues committee, safety committee,

communications with NHTSA and customer complaint information that is the subject of its motion to enforce the Court's February 8 order concerning CAS' motion to compel:

**(1) Edward Piceno (California) and (2) Laura or Rick Nord (Kentucky).** These individuals reported complaints to Nissan about the braking system in his X61A Program vehicle and provided deposition testimony in the *Bernardino* case. After it receives related documents and information that is the subject of CAS' motion to compel, CAS needs testimony from these or similar witness about their perceptions and experiences and criticisms of the braking system as anticipated by Nissan's U.S. brake test engineers prior to the start of production. CAS anticipates the deposition of these witnesses will only take a half day each.

**Topic 6 Authentication Witnesses from the *Bernardino* Case:** CAS anticipates the following three witnesses located in Texas and California are needed to authenticate facts and details relating to their testimony in the underlying case:

**(1) James Walker (Texas).** Mr. Walker provided expert technical, defect, root cause and causation related testimony and opinions for Nissan about the braking system incorporated into the X61A Program and the subject vehicle in the California case. CAS intends to confirm and authenticate Mr. Walker's testimony, tests, data, and demonstrations related to the braking system. CAS anticipates the deposition of Mr. Smith will only take a half day.

**(2) Officer John Stafford or similar representative from the LAPD (California).** CAS intends to authenticate the reports and observations of the officers with personal knowledge of the accident. CAS anticipates the deposition of Mr. Stafford or similar representative will only take a half day.

**(3) Samuel White, accident reconstructionist (California).** CAS intends to confirm and authenticate the facts, analysis, conclusions and opinions of Nissan's accident reconstructionist and related testimony. CAS anticipates the deposition of Mr. White will only take a half day.

**Topic 7 Third-party Witnesses:**

**(1) CAS anticipates one deposition of a third-party witness (D.C.) after receipt of the materials that are the subject of its pending motion to enforce the Magistrate Judge's February 8 Order.** This witness is expected to testify about Nissan's meetings and communications with NHTSA concerning the X61A Program. CAS anticipates the deposition of this representative will only take a half day.

**Topic 8 Nissan Costs, Fees and Fee Arrangements:** CAS has identified the following two witnesses located in California:

**(1) Mark Berry, (California).** Mr. Berry submitted testimony concerning Nissan's attorney fees and costs in the *Bernardino* litigation. Those fees and costs include fixed fee-type arrangements and CAS anticipates the deposition of Mr. Berry will only take a half day.

**(2) Theodore Boutros, Jr. (California).** Mr. Boutros submitted testimony concerning fees incurred by Nissan in its appeal of the *Bernardino* litigation. CAS anticipates the deposition of Mr. Boutros will only take a half day.

Therefore, CAS requests leave to take the 19 depositions identified above relating to the above 8 topics that are necessary in light of the issues, complexity, and costs involved in this action that Nissan values at over $30 million.

Respectfully submitted,

*/s/ Gino N. Bulso, Jr.*
Eugene N. Bulso, Jr.

Paul J. Krog
Bulso PLC
155 Franklin Rd. Suite 400
Brentwood, TN 37027
gbulso@bulso.com
pkrog@bulso.com
*Attorneys for Nissan North America Inc.*


SIMS|FUNK, PLC

/s/ *W. Scott Sims*
W. Scott Sims
Robert A. Peal
3322 West End Avenue, Suite 200
Nashville, Tennessee 37203
(615) 454-9335

and

BROOKS WILKINS SHARKEY & TURCO, PLLC

/s/ *Herbert C. Donovan*
Herbert C. Donovan
Andrew B. Fromm
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1724

*Attorneys Pro Hac Vice for Defendant Continental
Automotive Systems, Inc.,*

Dated:  April 7, 2021

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the forgoing was served on the following individuals via the Court's CM/ECF system on April 7, 2021.

Eugene N. Bulso, Jr.
Paul J. Krog
Bulso PLC
155 Franklin Rd. Suite 400
Brentwood, TN 37027
gbulso@bulso.com
pkrog@bulso.com

/s/ *W. Scott Sims*