# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

No. 3:19-cv-0396
JUDGE ALETA A. TRAUGER
MAGISTRATE JUDGE NEWBERN

**CONTINENTAL AUTOMOTIVE SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO CHRISTINA HILL'S MOTION TO INTERVENE**

# TABLE OF CONTENTS

|       |       |                                                                                                                                                                                  | Page |
|-------|-------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.    |       | Introduction                                                                                                                                                                     | 2    |
| II.   |       | Background Facts                                                                                                                                                                 | 3    |
|       | A.    | The Cases Are in Very Different Procedural and Discovery Postures                                                                                                                | 3    |
|       | B.    | The Cases Involve Different Components and Contracts                                                                                                                             | 4    |
|       | C.    | The Facts, Theories and Proofs Differ in the St. Louis Product Liability Action and This Tennessee Commercial Action                                                             | 4    |
|       | D.    | The Accidents Involve Distinct Design and Technical Issues and Had Different Nissan Braking Systems Resulting in Different Vehicle Performance in St. Louis                      | 4    |
|       | E.    | The Request is Very Untimely, Disruptive, Distracting, and Prejudicial to Continental                                                                                            | 5    |
| III.  |       | Legal Argument                                                                                                                                                                   | 6    |
|       | A.    | The Hill Plaintiffs Have Adequate Representation and Significant Opportunities to Obtain Discovery in St. Louis                                                                  | 6    |
|       | B.    | This Court Has Articulated the Threshold "Common Question" Requirement for Permissive Intervention and the Hill Plaintiffs Do Not Meet it                                        | 7    |
|       | C.    | Even if the Hill Plaintiffs Could Meet the Requirement, Untimeliness, Distraction, Disruption, and Prejudice Factors Each Weigh Against Intervention                             | 8    |
|       |       | (i) The Motion is Untimely                                                                                                                                                       | 8    |
|       |       | (ii) Permissive Intervention is Disruptive, Distracting, and Will Inject New Issues, All of Which Prejudices Continental                                                         | 9    |
|       | D.    | The Request to Modify the Protective Order Is Premature                                                                                                                          | 11   |
|       | E.    | Continental Requests the Court Deny the Motion                                                                                                                                   | 12   |

## I. Introduction

The Hill plaintiffs' remarkably untimely motion does not meet the threshold "common question" requirement for permissive intervention under Fed. R. Civ. P. 24(b) because the two cases are in vastly different procedural and discovery schedule postures, involve different components and contracts, and concern different accident facts, claims, and proofs. The St. Louis products liability and negligence action involves a later built vehicle, a 2006 Nissan Armada, with a materially different Nissan braking system than the 2004 Model Year vehicle at issue in this case. That later Nissan braking system included different foundation brake components, and the facts and allegations in that case focus on different component and system functions (including wheel speed sensors, and a different brake pedal design). Also, this is a commercial case based upon a single purchase order for only one particular brake booster assembly. In this case, Nissan must establish that the brake booster assembly had a defect and that defect caused the California accident. (PageID# 6134).

Procedurally, this case is in the "home stretch" with discovery schedules narrowed and set, and summary judgment rulings already entered that have limited Nissan's contract claims and theories while focusing its proofs obligations. The parties have completed significant discovery has been completed and less than two months of fact discovery remain. In contrast, the St. Louis action is at its beginning stages and the Hill plaintiffs, despite ample time and opportunity, have done little so far to pursue the discovery tailored to the vehicle, accident, theories and proofs relevant to that unique accident.[1]

---

[1] The Hill plaintiffs have not taken a single fact or corporate representative deposition in the 12 months since that case was filed, but has unfettered time and opportunity to do so with no discovery cutoff. (Ex. 1, St. Louis Docket).

Even if the Hill plaintiffs could overcome the threshold commonality requirement, the untimely request is prejudicial to Continental. The record in this case, including fact discovery, is nearly fully developed while the record in St. Louis is not. The Hill plaintiffs are represented by three experienced counsel in St. Louis who also have appeared in this case (Dkt. 162, 163 and 165). The Hill plaintiffs' intervention will inject new issues and quadruple the number of lawyers attending depositions, and engaging in motion practice and hearings–each incentivized to pursue issues and discovery not related to the proofs in this commercial case. This would be distracting, disruptive, and prejudicial to Continental. It is also unnecessary, since the Hill plaintiffs have the time and the vehicle to pursue their own tailored discovery in Missouri.

## II. Background Facts

### A. The Cases Are in Very Different Procedural and Discovery Postures

Fact discovery in this case closes on November 15, 2021 (Dkt. 151). Nissan has also already served expert disclosures on September 10. (*Id.*) In contrast, the parties have just begun fact discovery in St. Louis. The Hill plaintiffs have not noticed any fact or corporate representative depositions. (Ex. 1, St. Louis Docket). Moreover, the Hill plaintiffs have not pursued, let alone exhausted, the available discovery tools and procedures in St. Louis despite ample time and opportunity to do so. The Hill plaintiffs are represented in the St. Louis case by the same three attorneys who have appeared in this case. (Dkt. 162, 163, 165). The Hill plaintiffs' counsel are skilled and experienced in product injury cases, and remain well suited and positioned to adequately represent the Hill plaintiffs' interests in the St. Louis case, including through discovery there, without disruption to Continental here.

### B. The Cases Involve Different Components and Contracts

Nissan purchased component parts from Continental for the vehicle involved in the California accident under a purchase order that "fell outside of the 2004 [Master Purchase Agreement] subject matter." (PageID# 6129). Judge Trauger has confirmed that, to succeed here, Nissan must prove a Continental defect and that defect was the cause of the California accident. (*Id.*) No such purchase order is relevant to Hill because Nissan's purchases of different component parts from Continental and other suppliers were made under different purchase orders and, potentially a Master Purchase Agreement for the 2006 Nissan Armada, that are not relevant to resolution of this commercial case.

### C. The Facts, Theories and Proofs Differ in the St. Louis Product Liability Action and This Tennessee Commercial Action

The St. Louis case also raises strict liability and failure to warn claims relating to a unique and different accident. So, the proofs in St. Louis will require different proofs, measured against different legal theories under Missouri law, including its law on negligence. (PageID#6644). In this commercial action, Nissan's burden of proof is under different contracts with different terms, and Nissan has failed to produce the contract in this case.

### D. The Accidents Involve Distinct Design and Technical Issues and Had Different Nissan Braking Systems Resulting in Different Vehicle Performance in St. Louis

The accident in St. Louis involved different parties, including the Missouri Department of Transportation, different accident facts, including a different vehicle, with a different braking system with different foundation brake components, brake pedal height, brake pedal stroke, and specifications, and functions at issue. The 2006 Nissan Armada in the St. Louis case had a later and different Nissan braking system design Nissan referred to as the "SOP System." In contrast,

this action involves the earlier, 2004, "PT1 System." (Ex. 2, Robson Dep. Tr. 115:15-23). Nissan went into production in 2004 with the PT1 System. (P. Robson Dep. Tr. 146:22-25).

The "SOP System" for the Armada in the St. Louis action was the subject of separate testing and performance evaluations of braking functions in separate Nissan test reports. (P. Robson Dep. Tr. 173:14-25). Nissan developed and launched the much altered "SOP System" in 2005 to address a brake judder problem in earlier braking systems.[2] (Ex. 3, J. Weidenbach Dep. Tr. at 36:12-20). The changes impact the stopping distance, pedal stroke and feel of the 2006 Armada's integrated braking system. (*Id.* at 176:8-21). The "SOP System" also incorporated different foundation brake parts and systems made by other component-part suppliers, including Akebono, and Hitachi. (*Id.* at 107:5-19). Nissan also increased the weight of the rotors. (Ex. 3, J. Weidenbach Dep. Tr. 124:23-25; 125:15-24). The Hill plaintiffs' counsel will be incentivized to insert these new technical issues into the little discovery remaining in this commercial case involving an early braking system with a different Nissan design.

> E. **The Request is Very Untimely, Disruptive, Distracting, and Prejudicial to Continental**

With discovery in this action nearing completion, the core of the Hill plaintiffs' request is to obtain permission to attend and participate in the remaining depositions in this case, a highly disruptive and distracting request which is curious given the Hill plaintiffs' surely intentional failure to pursue even a single Continental or Nissan deposition in Hill. The Hill plaintiffs' counsel have filed three separate motions for *pro hac vice* in this case (Dkts. 162; 163 and 165). The Hill plaintiffs' requested intervention then, will trigger yet more motions for *pro hac vice* from Continental's, Nissan's, and additional plaintiffs' counsel from St. Louis, collectively amounting

---

[2] A brake judder causes a "shaking of the steering wheel and front suspension during braking." (J. Weidenbach Dep Tr. at 35:21-22).

5

to over a dozen additional counsel. The Hill plaintiff fails to acknowledge the highly unusual, disruptive, and extraordinary nature of these additional counsel in the request.

### III. Legal Argument

#### A. The Hill Plaintiffs Have Adequate Representation and Significant Opportunities to Obtain Discovery in St. Louis

Permissive intervention is not proper or necessary where the proposed intervenor is free to protect her interests in a separate lawsuit. *Upper Chattahoochee Riverkeeper Fund*, 224 F.R.D. at 702. The Hill plaintiffs' ability to participate in fact and vehicle specific discovery in Missouri without any prejudice to Continental's discovery efforts here warrants denial of the instant motion. *See, e.g., Infrasource Const. Serv., LLC v. E&M Piping, LLC*, 2012 WL 13026852, at *11 (N.D. Ohio Sept. 27, 2012) (proposed intervenor *could* file a separate action). *UMG Recordings, Inc. v. Bertelsmann AG*, 224 F.R.D. 408, 415 (N.D. Cal. 2004) ("[proposed intervenor's] ability to pursue its claims through an alternative mechanism without any prejudice to its own rights is significant in the context of a motion to intervene brought by that party.") (citing 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (2nd ed. 2003)).

The Hill plaintiffs simply have not utilized or exhausted the discovery tools available to them in St. Louis despite their opportunities to do so freely. Further, as this Court recognized in *Duncan*, given the Hill plaintiffs' open-ended ability to pursue their claims in St. Louis, the court's "disposition of this suit will not impair [proposed intervenor's] ability to protect the interest." 2010 WL 11575026, at *4. Like the proposed intervenor in *Duncan*, the Hill plaintiffs "do not explain how the resolution of this suit might prevent [them] from pursuing [their] [claims]" in the St. Louis action. *Id.* As this Court held in *Duncan*, permissive intervention should be denied where the proposed intervenor is "free to seek that protection by filing a separate action…" *Id.* at *4.

### B. This Court Has Articulated the Threshold "Common Question" Requirement for Permissive Intervention and the Hill Plaintiffs Do Not Meet it

Permissive intervention under Fed. R. Civ. P. 24(b)(1) also requires the movant "must present (1) a claim or defense (2) that shares with the main action a common question of law or fact." *Id. Duncan v. Tenn. Valley Auth. Retirement Sys.*, 2010 WL 11575026, at *4 (M.D. Tenn. Nov. 9, 2010) (Trauger, J). The Hill plaintiffs fail to meet the "common question" requirement because the accident facts in St. Louis are different from the underlying accident facts in the California product liability action relevant to this case. The other vehicles, occupants, and injuries differ. The location and circumstances of the roadway and locations differ, and facts concerning the driver's "los[s] [of] control of the vehicle" in St. Louis differ from the allegations that the driver in the California accident "was driving over the posted speed limit with a suspended license." (PageID# 99).

As noted above, the braking systems that dictate brake feel and efficacy are different between the two vehicles because of Nissan design, specification, sizing and supplier changes to a number of critical foundation brake components. The St. Louis action also involves facts and allegations centered on other brake system components and functions that are not relevant to this commercial case, including wheel speed sensors.

The Sixth Circuit has also rejected the argument that two actions assert claims involving the same subject is a sufficient "common question" *Bay Mills Indian Comm. v. Snyder*, 720 F. App'x 754, 758 (6th Cir. 2018) (holding two different actions involving claims over the same casino properties is not a "common question" of fact or law because such a broad interpretation would allow anyone to intervene in any case); *Walls v. Sterling Jewelers, Inc.*, 2020 WL 2842843, at *5 (W.D. Tenn. June 1, 2020) ("The fact that the testimony of several witnesses may be relevant to the two cases does not by itself create common questions of law or fact.")

### C. Even if the Hill Plaintiffs Could Meet the Requirement, Untimeliness, Distraction, Disruption, and Prejudice Factors Each Weigh Against Intervention

Only after satisfying itself that the movant meets the commonality requirements for permissive intervention, the Court must also conclude the motion is timely while balancing the disruption and prejudice to the original parties. *Duncan*, 2010 WL 11575026, at *4. *American Nat. Prop. and Cas. Co. v. Stutte*, 298 F.R.D. 376, 379 (E.D. Tenn. 2014)(citing *United States v. Michigan*, 424 F.3d 438, 443, 445 (6th Cir. 2005)). The factors considered by the Sixth Circuit, particularly timeliness, distraction, disruption and prejudice to the original parties each weigh against intervention here. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011).

#### (i) The Motion is Untimely

The motion is untimely because the parties' progress in this case is substantial. A proposed intervenor is not permitted to "derail[] a lawsuit within sight of the terminal." *U.S. v. BASF-Inmont Corp.*, 1995 WL 234648, at *2 (6th Cir. Apr. 18, 1995). Where "extensive progress has been made in this litigation," intervention should be denied. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011). The Sixth Circuit defines "substantial progress" to include summary judgment motions, substantial motion practice, and substantial fact discovery, all of which have occurred here. *Salem Point Capital, LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688 (6th Cir. May 10, 2021). *Blount-Hill* also rejected the Hill plaintiffs' argument discovery must be closed for the motion to be untimely. *Id.* at 285. The record in this case is nearly complete and the progress has been substantial. Discovery closes on November 15, 2021. Summary judgment motions have been filed and ruled upon.

8

### (ii) Permissive Intervention is Disruptive, Distracting, and Will Inject New Issues, All of Which Prejudices Continental

The purpose and core of the Hill plaintiffs' request is to attend depositions. This request is a head scratcher given that the Hill plaintiffs' have chosen not to notice a single deposition in St. Louis. (Ex. 2, St. Louis Docket). Their intervention would be highly disruptive to Continental's remaining available fact discovery, because it will inject new issues only relevant to the Hill plaintiffs in St. Louis that have not even been explored in their chosen home court. *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 224 F.R.D. 694, 702-03 (N.D. Ga. 2004). As the Seventh Circuit held in *Sokaogon Chippewa Comm. v. Babbitt,* 214 F.3d 941 (7th Cir. 2000), a case cited by the Hill plaintiffs, a district court properly denies a motion for permissive intervention where it is disruptive to the existing party's interests in the case. *Id.* at 949.

The addition of dozens of additional lawyers, many of which are already appearing in this case (Dkt. 162, 163, and 165), and also appearing in St. Louis will also greatly expand and disrupt and complicate this mature, focused case.[3] *State v. USEPA*, 313 F.R.D. 65, 72 (S.D. Ohio 2016) ("The complications of permitting three additional parties to join the lawsuit would be especially

---

[3] Hill is represented in St. Louis by not one capable and experienced personal injury lawyer, but three. Each have filed applications to participate in this case *pro hac vice*. Douglas Brett Turnbull (Dkt. 163) identifies himself as having more than a decade of courtroom experience in complex litigation and products liability. Hill is also represented in St. Louis by John Medler (Dkt. 162). Mr. Medler states that he has over 25 years' experience in personal injury cases involving automotive accidents. Hill is also represented in St. Louis by Michael Alan Holcomb of Georgia. (Dkt. 165). But these are only Hill's counsel. In addition to Hill, Daniel J. Marsh and J. Brad Wilmoth are two additional lawyers, who represent additional plaintiffs in the Hill action, Elvir Mustedanagic, Edin Mustedanagic, Plema Mustedanagic, Mirsad Mustedanagic, and Rasim Mustedanagic, Jr. Continental and Nissan, in turn also are represented by counsel in St. Louis. Continental is represented by Anthony Latiolait, Bret Henry, and Nicholas von der Lancken, and local counsel Edward S. Bott, Jr. and Robert L. Duckels, and Nissan is represented by Adam T. Suroff from Kansas City, Missouri and Brett Turnbull from Birmingham, Alabama.

burdensome at any hearings in this case—hearings at which five parties would need to present arguments, five parties would need to present witnesses, and five parties would need to conduct cross examinations."); *Stuart v. Huff,* F.3d 345, 349 (4th Cir. 2013)(holding that the district court did not err in denying motion to intervene when allowing permissive intervention would "complicate the discovery process and consume additional resources of the court and the parties."). As another Sixth Circuit cited by the Hill plaintiffs acknowledges, the participation of a dozen additional lawyers would "substantially interfere[] with the orderly process of the district court." *Stupak-Thall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (affirming the district court's denial of the motion to intervene).

This court, in applying and balancing the relevant factors, held that "discovery regarding [the proposed intervenor's] claims had the potential to distract from the central issues raised by the existing claims. Therefore, the court will deny [the] attempt to intervene." *Id.* at *4 (citing *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 224 F.R.D. 694, 702 (N.D. Ga. 2004). This court also held, as the District Court found in the *Upper Chattahoochee* matter, that intervention was improper because it would also "inject entirely new issues into the main action" and was unnecessary because the proposed intervenor "is free to [protect his interests] by filing a separate action against his employer." *Id.* at *4.

Even if the Hill plaintiffs could establish a common question of law or fact with Nissan braking systems generally, Nissan's design choices and the later, different foundation brake components relating to the 2006 Nissan Armada "SOP System" in St. Louis are not relevant to the "PTI System" in the 2004 Infiniti QX56 involved in this case. The St. Louis action also involves wheel speed sensor brake components and related function and design that are not relevant to the California accident or this case. As in *Duncan*, these differences will waylay and distract the

10

existing parties from the narrow issue relevant to this case. *Duncan v. Tennessee Valley Authority Ret. Sys.*, 2010 WL 11575026, at *2 (M.D. Tenn. Nov 9, 2010) (J. Trauger).

This case has already a long history, and the disruption and distraction of the Hill plaintiffs' participation at this advanced stage of these proceedings is prejudicial, a factor weighing strongly against intervention. *In re Addison Comm. Hosp. Auth.,* 175 B.R. 646, 651 (Bankr. E.D. Mich. 1994). "[T]he district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Kukui Gardens Corp. v. Holco Cap. Grp., Inc.,* 261 F.R.D. 523, 534 (D. Haw. 2009). The disruption, distraction, and injection of the new issues discussed above will have a cumulative prejudicial effect on Continental's defenses. *See, e.g., Tri-State Gen. and Transmission Ass'n, Inc. v. New Mexico Public Reg. Com'n*, 787 F.3d 1068, 1075 (10th Cir. 2015) (affirming district court's consideration of its ability to manage discovery and avoid undue discovery delay as prejudicial to the original parties in denying the motion for permission intervention).

### D. The Request to Modify the Protective Order Is Premature

The Hill plaintiffs' request to modify the protective order to obtain access to discovery materials already produced in this action is premature and improper because this case is not settled or resolved. In each of the cases cited by the Hill plaintiffs (Hill Br. p. 6-7), the proposed intervenor sought to modify a protective order to gain access to discovery materials previously produced only *in a settled or resolved case. Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159 161 (6th Cir. 1987) (case was settled and dismissed); *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042 (D.C. Cir. 1998) (case settled).[4] No case cited by the Hill plaintiffs grants the extraordinary

---

[4] Hill's motion then merely recites cases cited in *Nat'l Children's Ctr.*, which in turn only involve settled or resolved cases (*See, e.g., Public Citizen v. Liggett Group Inc.*, 858 F.2d 775, 778 (1st Cir.

11

discretionary relief that effectively sidesteps the putative intervenor's available discovery tools and procures available in another pending lawsuit. Moreover, the Hill plaintiffs have not exercised their discovery rights, tools and procedures to obtain the requested materials through fact, accident and vehicle specific discovery in their St. Louis action.

### E. Continental Requests the Court Deny the Motion

The Hill plaintiffs' extremely untimely motion for permissive intervention to participate in depositions should be denied because they fail to meet the "common question" requirement under Fed. R. Civ. P. 24(b). The vehicles, braking systems, accidents, claims, proofs and theories are not common between the two actions. Furthermore, Hill's intervention in this case fails under the Court's discretionary factors because it is disruptive, distracting and prejudicial to Continental. The Hill plaintiffs' participation in depositions in this case would inject new issues in the homestretch and the dozen of additional counsel from St. Louis appearing in this case would be disruptive and distracting when their St. Louis counsel have ample opportunity and time to participate in discovery there, but has strategically elected not to take a single deposition. Finally, the Hill plaintiffs' request to modify the protective order to obtain access to existing discovery materials produced in this case is premature because this case is not settled or resolved through final judgment. The motion should therefore be denied in its entirety.

Respectfully submitted,

SIMS|FUNK, PLC

/s/ *W. Scott Sims*
W. Scott Sims
Robert A. Peal

---

1988) (judgment already entered and no appeal taken); *Martindell v. International Tel. and Tel. Corp.*, 594 F.2d 291 293 (2nd Cir. 1979) (case settled), and on and on).

3322 West End Avenue, Suite 200
Nashville, Tennessee 37203
(615) 454-9335

and

BROOKS WILKINS SHARKEY & TURCO, PLLC
/s/ *Herbert C. Donovan*
Herbert C. Donovan
Andrew B. Fromm
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1724
*Attorneys Pro Hac Vice for Defendant Continental Automotive Systems, Inc.*

Dated: September 24, 2021

### CERTIFICATE OF SERVICE

I certify that a true and exact copy of the forgoing was served on the following individuals via the Court's CM/ECF system on September 24, 2021.

| | |
|---|---|
| Eugene N. Bulso, Jr.<br>Paul J. Krog<br>Bulso PLC<br>155 Franklin Rd. Suite 400<br>Brentwood, TN 37027<br>gbulso@bulso.com<br>pkrog@bulso.com | Blair Pierson Durham<br>Bart Durham Injury Law<br>404 James Robertson Parkway<br>1712 Parkway Towers<br>Nashville, TN 37219<br>(615) 252-4814<br>Fax: (615) 496-3595<br>Email: blair@blairdurham.com |
| Douglas Brett Turnbull<br>Michael Alan Holcomb<br>Turnbull, Holcomb & LeMoine, P.C.<br>2101 6th Avenue North<br>Suite 1100<br>Birmingham, AL 35203<br>Email: bturnbull@turnbullfirm.com<br>Email: aholcomb@turnbullfirm.com | John F. Medler , Jr.<br>The Medler Law Firm<br>2030 Main St Ste 1300<br>Irvine, CA 92614<br>(949) 577-8177<br>Email: john@medlerlawfirm.com |

/s/ *W. Scott Sims*

13

Case 3:19-cv-00396   Document 171   Filed 09/24/21   Page 14 of 14 PageID #: 7474