IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NISSAN NORTH AMERICA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL AUTOMOTIVE | ) | Cause No. 3:19-cv-0396 |
| SYSTEMS, INC. (*successor to Continental* | ) | |
| *Teves, Inc.*); CONTITECH NORTH | ) | Judge Aleta A. Trauger |
| AMERICA, INC.; and CONTINENTAL | ) | Magistrate Judge Newbern |
| TIRE THE AMERICAS, LLC (*successor* | ) | |
| *to Continental Tire North America, Inc.*) | ) | |
| Defendants. | ) | |

**PROPOSED INTERVENOR'S REPLY TO CONTINENTAL AUTOMOTIVE SYSTEM, INC.' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

Proposed Intervenor, Christina Hill, replies to Continental Automotive Systems, Inc.'s ("CAS") Response to Motion to Intervene [Docket No. 171] as follows:

**I.   THERE ARE COMMON QUESTIONS OF LAW AND FACT**

The issue of whether the motion raises a question of law or fact in common with the main action should be construed liberally in cases where non-parties seek intervention for the limited purpose of obtaining access to discovery materials. *Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006). In this circuit, there need only be one common question of law or fact. *Meyer Goldberg, Inc. v. Fisher Foods*, 823 F.2d 159 (6th Cir. 1987).

CAS makes a strained argument that there is no common question of law or fact between the present case and the St. Louis action. CAS argues that there are certain additional issues presented in the present case that are not present in the St. Louis action. CAS states that "No such purchase order [for an allegedly defective part] is relevant to Hill because Nissan's purchases of different component parts from Continental and other suppliers were made under different

1

purchase orders and, potentially a Master Purchase Agreement for the 2006 Nissan Armada, that are not relevant to resolution of this commercial case."

CAS cites to no evidence for that proposition and that is the point. Proposed Intervenor is entitled to all documents that would support this statement and all depositions that relate to any differences in the component parts of the two braking systems. CAS' statement supports intervention and Proposed Intervenor needs and is entitled to discovery on this very issue.

Moreover, what CAS ignores is that both cases involve responsibility for the defects in the same braking system in the same subject vehicle model series. The braking system in the St. Louis action is the same braking system at-issue in the *Cruz* case (which forms the basis of this case). The primary issue – defective design of the same product and responsibility for the same – overlaps both actions. (*See*, *e.g.*, Doc. 1-1 and Doc. 159-3.)

## II. TIMELINESS

CAS argues that somehow the Motion to Intervene is not timely because Proposed Intervenor has allegedly not exhausted all discovery remedies in St. Louis City Court. An exhaustion of all other available remedies is not a requirement anywhere in Rule 24(b) or the jurisprudence interpreting the rule.

Discovery is still open in the present action and intervention will not delay discovery or trial. The purpose for which the Proposed Intervenor seeks intervention is limited in scope. Proposed Intervenor does not seek to become a part of the present action and does not seek to participate in motion practice or in the trial of this matter. She does not seek to delay any of the depositions scheduled in this case. Proposed Intervenor wishes to participate in future deposition discovery and to obtain all documents produced in the present case. This would be minimally prejudicial to the parties.

### III. JUDICIAL ECONOMY WEIGHS HEAVILY IN FAVOR OF INTERVENTION

Judicial economy and efficiency favor Proposed Intervenor in this case. The claims in the St. Louis action and the current case raise legal and factual issues that are so intertwined that discovery related to the Proposed Intervenor's and CAS/Nissan's claims in separate suits would make little practical sense. Indeed, "[t]he purpose of the rule allowing intervention is to prevent a multiplicity of suits where common questions of law or fact are involved." *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 (E.D. Mich. 1997) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see Horrigan v. Thompson*, No. 96-cv-4138, 1998 WL 246008, at *3 (6th Cir. May 7, 1998) ("[J]udicial economy is a relevant consideration in deciding a motion for . . . intervention.") (citation and internal quotation marks omitted).

Should Proposed Intervenor be forced to independently seek the same discovery that is ongoing in the current action, it will need to conduct much of the same discovery and repeat much of the same discovery that has occurred and will occur in this action. This will greatly expand the proceedings of the St. Louis action. As such, "the concerns for judicial economy underlying Rule 24(b) would best be served by allowing intervention" in this case. *Marsten Apartments*, 175 F.R.D. at 270; *see Shreve v. Franklin Cnty., Ohio*, No. 10-cv-644, 2010 WL 5173162, at *3 (S.D. Ohio Dec. 14, 2010) ("[B]ecause the Department of Justice's claims overlap with those of Plaintiffs and similar relief is sought, judicial economy and efficiency are furthered by allowing the Department of Justice to intervene as opposed to filing a separate action against Defendants.").

## IV. CONCLUSION

CAS' opposition to intervention is about shielding Proposed Intervenor from discovery of documents that might be damaging to their case in St. Louis. Proposed Intervenor is entitled to this discovery, and it is much more efficient for Proposed Intervenor to enter this case for the limited purpose of discovery. The documents and testimony have already been completed in this action. There are apparently only a few depositions left to take. Proposed Intervenor will not delay trial. The evidence relates to both cases. For these reasons, this Court should grant the Motion to Intervene.

This 1st day of October, 2021.

Respectfully submitted,

*/s/ M. Alan Holcomb*
M. Alan Holcomb
Admitted *pro hac vice*
Georgia Bar No. 879771
TURNBULL, HOLCOMB & LEMOINE, P.C.
3379 Peachtree Road, NE, Suite 740
Atlanta, GA 30326
Telephone: 404-793-2566
Email: aholcomb@turnbullfirm.com

*Attorneys for Proposed Intervenor*

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 1, 2021, I am electronically filing the foregoing with the Clerk of Court using the ECF system, which will send notification of said filing to the following counsel of record:

W. Scott Sims
Robert A. Peal
D. Gil Schuette
Sims Funk PLC
3322 West End Avenue, Suite 200
Nashville, TN 37203
ssmis@simsfunk.com
rpeal@simsfunk.com
gschuette@simsfunk.com

Herbert C. Donovan
Andrew B. Fromm
Brooks Wilkins Sharkey & Turco, PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
donovan@bwst-law.com
fromm@bwst-law.com

*Attorneys for Continental Automotive Systems, Inc.*

Eugene N. Bulso, Jr.
Paul J. Krog
Leader, Bulso & Nolan PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
gbulso@bulso.com
pkrog@bulso.com

*Attorneys for Nissan North America, Inc.*